846 F.2d 77
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Michael J. McCARTHY and Phillip V. Schillaci.
 No. 87-1585.
 United States Court of Appeals, Federal Circuit.
 March 8, 1988.
 
 Before MARKEY, Chief Judge, FRIEDMAN and DAVIS, Circuit Judges.
 MARKEY, Chief Judge.
 
 DECISION
 
 1
 The decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences (board), denying reconsideration of the board's decision affirming the examiner's final rejection of claims 1 through 7 in Michael J. McCarthy and Phillip V. Schillaci's (collectively McCarthy's) application Serial No. 582,982 under 35 U.S.C. Sec. 103, is affirmed.
 
 OPINION
 
 2
 McCarthy's eight alleged distinctions fail to show error in the board's conclusion that the invention recited in the claims would have been obvious to one of ordinary skill in the art.[1] The examiner's rejection and the various decisions by the board[2] were supported by the expected skill of one of ordinary skill in the art in light of the prior art.
 
 
 3
 For example, McCarthy's principal arguments, that the French reference does not operate at three temperatures (because it states its process is isothermal) and that the reference "avoids suggesting heating the solution," relate to the batch process claimed by the French reference. McCarthy has not shown that it would have been nonobvious to substitute a continuous process referred to in the French reference for the batch process claimed in that reference. Further, McCarthy's "temperature" argument ignores the French reference's disclosure that the ammonia and water vapor may be removed in an auxiliary evaporator, separate from the crystallizer.
 
 
 4
 It is irrelevant that neither the French nor the Perry reference specifically discloses the phase relationships of sodium persulfate, sodium sulphate, and water. In light of Perry's express suggestion for use of a phase diagram, we agree with the board that the amount of dilution would be ascertainable by routine experimentation.
 
 
 5
 In sum, the board correctly concluded that "the steps of [McCarthy's] claimed process merely comprise modifications of the batch (cyclic) process specifically disclosed by the French patent which would have been prima facie obvious to the skilled practioner practicing the process in a continuous manner as specifically suggested by this reference." That prima facie case has not been overcome by McCarthy's submissions, increased purity being at least prima facie an expected result of the addition of water to selectively crystallize only sodium sulfate decahydrate, a step noted in the Perry reference. Accordingly, we affirm on the basis of the board's opinion.
 
 
 
 [1]
 Since the claims are not separately argued, they stand or fall together. In re Kaslow, 707 F.2d 1366, 1376, 217 USPQ 1089, 1096 (Fed.Cir.1983)
 
 
 [2]
 The board's opinion in this case incorporated by reference the board's earlier opinion dealing with parent application Serial No. 320,145